UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARTER BELT, INC.,

    Plaintiff,

                                                        Case No. 07-15393

-vs-                                                    Hon. AVERN COHN

VAN BUREN, TOWNSHIP OF,

    Defendant.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND
## DISMISSING THE CASE[1]

### I. Introduction

This is a First Amendment case involving a sexually oriented business ("SOB"). Plaintiff Garter Belt, Inc., is a topless bar ("Garter Belt") operating in the Charter Township of Van Buren, Michigan ("Van Buren"). Garter Belt challenges Article VII of Van Buren's Code of Ordinances, which deals with the licensing of SOBs ("Ordinance").[2] Garter Belt's Complaint is in four counts:

    (I) Twenty-two constitutional violations under 42 U.S.C. § 1983;

    (II) Declaratory Judgment, specifically that the Court should declare that Garter Belt is not required to obtain a license from Van Buren and that the Ordinance unconstitutional;

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] The Ordinance is attached as Exhibit A.

(III) Preliminary and Permanent Injunctive Relief prohibiting Van Buren from enforcing the Ordinance; and

(IV) Attorney Fees and Costs under 42 U.S.C. § 1988.

Before the Court is Van Buren's motion for summary judgment. For the reasons below, the motion will be granted. As will be explained, Garter Belt has no standing to raise the issue of unlawful prior restraint of pre-existing SOBs or to bring a Fourth Amendment challenge, and misreads the Legal Fee provision of the Ordinance.

## II. Background

Garter Belt has been in operation since 1983 and has never applied for a license under the Ordinance, which took effect in 1999. The Sixth Circuit struck down two sections of the Ordinance as unconstitutional for granting broad licensing discretion to governmental officials in the absence of special rules guaranteeing an "unusually speedy judicial decision." Bronco's Entm't, Ltd. v. Charter Twp. of Van Buren, 421 F.3d 440, 449 (6th Cir. 2005) (quoting City of Littleton v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774, 784)). The court gave effect to the Ordinance's severability clause, allowing the rest of the Ordinance to stand. Id. ("With §§ 22-403(i)(7) and 22-403(j) removed, the ordinance satisfies the requirements of the First Amendment."). Nevertheless, in a footnote to its finding that Van Buren's licensing scheme preserves the status quo for an applicant seeking to open a new SOB, the court noted:

> The licensing ordinance might not preserve the status quo for some other applicants. We can find no provision allowing sexually oriented businesses that were in operation at the time the ordinance became effective to continue operating while applying for a license. Nor is there a provision allowing continued operation during judicial review of a decision to suspend or revoke, or not to renew, a license. These issues are not before us here, obviously.

2

Id. n.4.  Garter Belt ultimately raises the issue here under unlawful prior restraint.

Garter Belt complained broadly of twenty-two violations "in whole and/or in part, alone or in combination with one another, facially and as applied . . . [of] the First, Fourth, and Fourteenth Amendments" without citing any provisions of the Ordinance. Garter Belt claims that since the Ordinance was adopted, Van Buren has developed no procedure for the licensing of Garter Belt as a pre-existing SOB, although inquiries have been made to obtain such a license.  Despite the absence of license procedures pertaining to its situation, Garter Belt says, Van Buren officials, including police officers, have attempted to enforce the Ordinance, sending officials and private detectives into the bar to photograph or videotape expressive dancing, "under threat of prosecution."

Van Buren has filed the instant motion for summary judgment on the basis of res judicata, citing the upholding of most of the Ordinance in Bronco's and asserting that the plaintiff in that case was a privy for Garter Belt.

In its response to the motion, Garter Belt denies that Bronco's Entertainment and Garter Belt are privies for each other and points out that the issues involved are different, as Bronco's was a new applicant whereas Garter Belt is a pre-existing SOB. Garter Belt then narrows its grounds of attack to: (1) unlawful prior restraint, (2) legal fee challenge, and (3) Fourth Amendment challenge.

In its reply brief, Van Buren says that Garter Belt's claims should be dismissed for lack of standing.  The three narrowed issues will be analyzed in turn.

### III.  Legal Standards

### A.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249–50. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251–52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to

4

judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

### B.  12(b)(6) Dismissal

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  The court "'must accept as true well-pleaded facts set forth in the complaint' . . . . [and] construe the complaint in a light most favorable to the plaintiffs and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief." Ley v. Visteon Corp., 540 F.3d 376, 380 (6th Cir. 2008) (internal quotation marks omitted) (quoting P.R. Diamonds, Inc. v. Chandler, 364 F.3d 671, 680 (6th Cir. 2004)).

### IV.  Analysis

### A.  Res Judicata

The doctrine of res judicata precludes "parties or their privies from relitigating issues that were or could have been raised" in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1995).  A claim is precluded where all four of the following elements exist:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).

Van Buren says that Bronco's was a privy of Garter Belt but provides no evidence for this assertion. In addition, the Sixth Circuit noted in Bronco's that the Ordinance might not preserve the status quo for pre-existing SOBs as applicants, and this issue has not been litigated. Therefore, Garter Belt's claim of unlawful prior restraint is not precluded by res judicata.

### B. Unlawful Prior Restraint

Section 22-402 of the Ordinance reads:

> (a) It shall be unlawful for any owner to operate a sexually oriented business without a valid license, issued by the township for the particular type of sexually oriented business.
> (b) Any owner violating any provision of this article shall, upon conviction, be guilty of a misdemeanor and be punished as provided in section 1-13. Each day such violation shall continue shall constitute a separate offense.

Charter Township of Van Buren, Mich., Code of Ordinances art. VII, § 22-402 (1999).

Garter Belt alleges that section 22-402 acts as an unlawful prior restraint on the expressive erotic dancing that Garter Belt features because the licensing scheme does not provide for preservation of the status quo of a pre-existing SOB during the application process. Garter Belt says that licensing schemes in a municipal ordinance that regulates SOBs constitute a prior restraint that must incorporate certain procedural safeguards. Garter Belt argues it can find no provision in the licensing scheme that permits it to continue operating while applying for a license, nor a provision to allow operation during judicial review of a decision to deny, suspend, revoke, or not renew a license. Because the Ordinance fails to provide for preservation of the status quo for Garter Belt as a pre-existing SBO, Garter Belt claims the licensing scheme is unconstitutional.

6

Van Buren says that Garter Belt has no standing because it has not established an injury in fact. Van Buren argues that section 22-402 has not inflicted any injury on Garter Belt because Garter Belt has been allowed to operate even though it has not applied for a license and does not have a license.

Van Buren also argues that no prior restraint exists because since section 22-402 became effective in 1999, Garter Belt has never had to seek prior approval from any Van Buren official regarding erotic dancing. Rather, Van Buren says, Garter Belt has been allowed to operate even though it does not have a license and has never applied for a license. Van Buren points out that no provision in the Ordinance prevents a previously operating SOB from continuing to operate while applying for a license.

A plaintiff is required to establish injury in fact as to each provision of an ordinance. See Prime Media, Inc. v. City of Brentwood, 485 F.3d 343, 350 (6th Cir. 2007). As an SOB, Garter Belt is subjected to the restraints of Van Buren's licensing scheme regardless of whether it has applied for a license. "It shall be unlawful for *any owner* to operate a sexually oriented business without a valid license, issued by the township for the particular type of sexually oriented business." § 22-402(a) (emphasis added). Further, the Sixth Circuit has left open the possibility that the prior restraint of the licensing scheme may not preserve the status quo of pre-existing SOBs because of a lack of explicit provision for such businesses during the application period. Bronco's, 421 F.3d at 449 n.4.

Garter Belt, however, has suffered no injury. It has been in operation since 1983, a period that includes the nine years since the Ordinance was adopted. Garter Belt does not dispute the fact that it has been allowed to operate even though it has not

7

applied for a license and does not have a license. Therefore, Garter Belt has no standing to bring an unlawful prior restraint challenge to section 22-402 and this claim will be dismissed.

### C. Legal Fees

The Ordinance also provides:

> The applicant must acknowledge that all information provided to the township is true and accurate, and must further agree to be liable for the payment of the township's legal fees in the event the township is successful in any administrative or judicial proceedings alleging a violation of these provisions.

§ 22-403(f).

Garter Belt claims that section 22-403(f) is a prima facie violation of access to the courts. Van Buren replies that Garter Belt does not have standing to challenge this provision as Garter Belt has never applied for a license and the provision does not apply to claims brought against it. Regardless of whether Garter Belt has standing, it misreads section 22-403(f). The provision addresses only proceedings that Van Buren initiates alleging a violation and in which it prevails. Section 22-403(f) has no bearing whatsoever upon any action that Garter Belt or any other plaintiff might bring against Van Buren. Therefore, Van Buren's licensing scheme cannot in any way be interpreted as a violation of access to the courts or as an agreement to refrain from exercising one's constitutional rights. Garter Belt's claim will be dismissed.

### D. Fourth Amendment Challenge

The Ordinance further provides:

> An applicant or licensee shall permit representatives of the police department, health department, fire department, and building department to inspect the premises of a sexually oriented business for the purpose of

applied for a license and does not have a license. Therefore, Garter Belt has no standing to bring an unlawful prior restraint challenge to section 22-402 and this claim will be dismissed.

### C. Legal Fees

The Ordinance also provides:

> The applicant must acknowledge that all information provided to the township is true and accurate, and must further agree to be liable for the payment of the township's legal fees in the event the township is successful in any administrative or judicial proceedings alleging a violation of these provisions.

§ 22-403(f).

Garter Belt claims that section 22-403(f) is a prima facie violation of access to the courts. Van Buren replies that Garter Belt does not have standing to challenge this provision as Garter Belt has never applied for a license and the provision does not apply to claims brought against it. Regardless of whether Garter Belt has standing, it misreads section 22-403(f). The provision addresses only proceedings that Van Buren initiates alleging a violation and in which it prevails. Section 22-403(f) has no bearing whatsoever upon any action that Garter Belt or any other plaintiff might bring against Van Buren. Therefore, Van Buren's licensing scheme cannot in any way be interpreted as a violation of access to the courts or as an agreement to refrain from exercising one's constitutional rights. Garter Belt's claim will be dismissed.

### D. Fourth Amendment Challenge

The Ordinance further provides:

> An applicant or licensee shall permit representatives of the police department, health department, fire department, and building department to inspect the premises of a sexually oriented business for the purpose of

>ensuring compliance with the law prior to or at any time it is occupied or open for business.

§ 22-404(d).

Garter Belt argues that the Fourth Amendment's warrant requirement extends to administrative searches and to commercial establishments. Garter Belt says that excepted warrantless searches of closely regulated businesses must be limited in time, place, and scope. Furthermore, Gart Belt contends, SOBs do not even fall in the category of closely related businesses.

Van Buren replies that Garter Belt has no standing to challenge the constitutionality of section 22-404(d). The provision applies only to applicants and licensees, says Van Buren, and Garter Belt is neither. Van Buren also points out that Garter Belt has suffered no injury because Van Buren has never attempted and does not intend to inspect Garter Belt's premises pursuant to this provision as Garter Belt is neither an applicant nor licensee.

Although the Supreme Court has recognized an exception to the warrant requirement when the target of the search is a "closely regulated" industry, warrantless searches of even closely regulated businesses must be "carefully limited in time, place, and scope." New York v. Burger, 482 U.S. 691, 700–03 (1987). One district court has held that while there is a "narrow exception to the warrant requirement for administrative searches conducted in 'closely regulated' industries, sexually oriented businesses do not qualify as highly regulated industries." J.L. Spoons, Inc. v. City of Brunswick, 49 F. Supp. 2d 1032, 1040 (N.D. Ohio 1999). "[B]ecause sexually oriented businesses enjoy a degree of First Amendment protection, the government probably could not 'closely

9

regulate' them . . . without running afoul of the First Amendment." Id. A court in this district has recently held that one city's cabaret ordinance "is likely to violate the Fourth Amendment due to the requirement that an owner 'open *every portion* of any cabaret or club cabaret for inspection.'" Top Flight, Inc. v. City of Inkster, 2007 WL 643897 (E.D. Mich. 2007) (emphasis added by the court) (quoting Inkster, Mich., Cabaret Ordinance § 113.202 (2006)).

Nevertheless, "a plaintiff is required to establish injury in fact as to each provision challenged." Prime Media, 485 F.3d at 350. Garter Belt is bringing a Fourth Amendment challenge to section 22-404(d). The Spoons court "assume[d]" standing, 49 F. Supp. at 1040, and the Top Flight court did not address the question of standing. But Garter Belt has shown no injury or imminent threat of injury under section 22-404(d) and therefore has no standing to challenge it. The Court will dismiss Garter Belt's Fourth Amendment challenge.

## V. Conclusion

For the reasons explained above, the Court DISMISSES Garter Belt's challenge to section 22-402 for unlawful prior restraint of pre-existing SOBs for lack of standing, DISMISSES Garter Belt's challenge to the Legal Fees provision for failure to state a

claim upon which relief can be granted, DISMISSES Garter Belt's Fourth Amendment challenge for lack of standing, and GRANTS Van Buren's Motion for Summary Judgment.

This case is DISMISSED.

SO ORDERED.

Dated: October 8, 2008

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE